## MIKELL *vs.* THE STATE OF GEORGIA.

1. Where the grand jury list had been properly revised and filed, but not certified by the revisers, an objection to the grand jury on the ground that the list was not properly revised, was rightly overruled, the revisers being in court and certifying that the list was correct.
2. The qualification of grand jurors was not changed by the constitution of 1877, until legislation was had thereunder.
3. An objection to a traverse jury on the ground that the list was not properly certified, comes too late after verdict.

Jurors. Laws. Constitutional law. Practice in the Superior Court. Before Judge TOMPKINS. Bulloch Superior Court. March Term, 1878.

Reported in the decision.

GEORGE R. BLACK ; R. T. C. SMITH, by brief, for plaintiff in error, cited Code, §3909 ; const. 1877, par. 2, sec. 18.

A. B. SMITH, solicitor-general, for the state, cited Code, §§3907, 3909 ; 42 *Ga.*, 9.

WARNER, Chief Justice.

The defendant was indicted for the offense of perjury, and on his trial therefor was found guilty. A motion was made for a new trial on the grounds therein stated, which was overruled, and the defendant excepted.

1. It appears from the record and bill of exceptions, that the defendant, on being arraigned, filed a special plea that the indictment was found against him by a grand jury drawn from a jury list which had not been properly revised according to law, and because the indictment was not found by a grand jury composed of the most experienced, intelligent and upright men, as required by the constitution of 1877. The court overruled the defendant's plea, and that is one of the errors complained of. The presiding judge certifies that a regular list of jurors had been prepared and filed in the clerk's office of Bulloch county, from which the jury had been drawn; that all the names of the grand jurors were on that list, but that the same had not been certified by the revisers of the jury box, as required by the 3909th section of the Code, the revisers of the jury-box then being in court and certifying that the list was correct. In our judgment, the law for the selection of jurors had been substantially complied with, and there was no error in overruling the defendant's plea on that ground. *Carter vs. The State*, 56 *Ga.*, 463.

2. As to the jury not having been composed of the most experienced, intelligent and upright men, the reply is that the grand jury was selected and drawn, and the trial had, under the old jury law prior to the act of Dec. 5, 1878, to carry into effect the constitution of 1877 in relation to the selection of grand jurors, that constitution providing that all laws then of force in this state, not inconsistent therewith, should remain of force until the same should be modified or repealed by the general assembly.

3. The objection to the traverse jury on the ground that the jury list was not properly certified as required by the 3909th section of the Code, was not made until after verdict, and was also properly overruled. There is sufficient evidence in the record to support the verdict.

Let the judgment of the court below be affirmed.